[Cite as *Hawk v. Ohio Dept. of Transp., Dist. 10*, 2010-Ohio-5829.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD HAWK

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 10

     Defendant
     Case No. 2010-02391-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1}   Plaintiff, Ronald Hawk, filed this action against defendant, Department of Transportation (ODOT), contending his 1997 Ford Ranger truck was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous debris condition on US Route 33 in Athens County.  On December 28, 2009, at approximately 11:30 p.m., Breianne Rasmussen was driving plaintiff's truck west on US Route 33 when the vehicle ran over a fallen light pole that was laying across both westbound lanes of the roadway "near milepost 015."  Plaintiff advised that all four rims on his truck were damaged as a result of impacting with the downed light pole.  Plaintiff filed this complaint seeking to recover damages in the amount of $422.76, the total cost of replacement parts and related repair expense.  The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2}  Defendant denied liability based on the contention that no ODOT personnel had any knowledge of a downed light pole on US Route 33 prior to plaintiff's property damage incident.  Defendant related that ODOT "records indicate that no calls or complaints were received regarding debris in the roadway or a damaged light pole prior to plaintiff's incident," despite the fact the particular section of US Route 33 has an

average daily traffic count in excess of 80,000 vehicles. Defendant argued plaintiff has failed to produce any evidence to establish the length of time the downed light pole was on the roadway prior to 11:30 p.m. on December 28, 2009. Defendant advised that ODOT personnel were unaware of any prior incidents at or near the location of the downed light pole; milepost 15.0 on US Route 33 in Athens County. Defendant stated, "ODOT believes the light pole in that location was damaged for only a relatively short amount of time before plaintiff's incident." Defendant explained ODOT first received notice of the fallen light pole at 11:50 p.m. on December 28, 2009 and personnel were dispatched "within twenty minutes to remove the downed light pole." Defendant asserted plaintiff has not provided any evidence to show the condition of the light pole was attributable to any conduct on the part of ODOT. Defendant further asserted plaintiff did not offer any evidence to prove the light pole fell as a result of negligent maintenance.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 5} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 6} No evidence has been presented to show defendant had actual notice of the downed light pole laying across the traveled portion of the roadway. Therefore, in order for plaintiff to prevail, constructive notice of the debris must be established. This legal concept of notice is of two distinguishable types, actual and constructive. "The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained. Wherever from competent evidence the trier of fact is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is actual. Constructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 48 O.O. 231, 105 N.E. 2d 429, paragraph two of the syllabus.

{¶ 7} To establish that defendant had constructive notice of a nuisance or defect in the highways, the hazard "must have existed for such length of time as to impute knowledge or notice." *McClellan* at 250 "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.

{¶ 8} Plaintiff has not produced any evidence to indicate the length of time the particular light pole was present on the roadway prior to the incident forming the basis fo this claim. Plaintiff has not shown defendant had actual notice of the light pole condition. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the

light pole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication defendant had constructive notice of the downed light pole.

{¶ 9} Evidence in the instant claim tends to show the downed light pole condition was caused by an unidentified third party and not negligent maintenance on the part of ODOT. Plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition or conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

{¶ 10} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant proximately caused the damage. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD, *Husak v. Ohio Dept. of Transp.*, Ct. of Cl. NO. 2008-03963-AD, 2008-Ohio-5179.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD HAWK

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 10

Defendant

Case No. 2010-02391-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Ronald Hawk                                         Jolene M. Molitoris, Director
5900 State Route 681                          Department of Transportation
New Marshfield, Ohio  45766              1980 West Broad Street
                                                               Columbus, Ohio  43223

RDK/laa
6/18
Filed 8/3/10
Sent to S.C. reporter 11/23/10